UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS ·
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR THE
NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

CV 9570

07 CV_____

**COMPLAINT**

OCT 26 2007
U.S.D....O. N.Y.
CASHIERS

                              Plaintiffs,

      -against-

FATHSON CONSTRUCTION, LLC,

                             Defendant.
------------------------------------------------------------------------------X

      Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

      1.     This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Fathson Construction, LLC ("Employer").

### JURISDICTION

2.      This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant Fathson Construction, LLC is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 8 Hoyt Steet, Apt. G., Brewster, NY 10509.

8.      The defendant is an employer within the meaning of section 3(5) of ERISA, 29

2

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.     Defendant, Fathson Construction, LLC, was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001.  Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10.     A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11.     Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.     Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated September 19, 2007 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.     The arbitrator found that Fathson Construction, LLC had failed to make contributions due to the Benefit Funds for the period December 1, 2005 through June 7, 2006, in the principal amount of $15,126.91.

14.     The arbitrator also found that Fathson Construction, LLC was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15.     The defendant, Fathson Construction, LLC has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

3

1.      For an order confirming the arbitration award in all respects;

2.      For entry of judgment in favor of the Plaintiffs and against Fathson Construction, LLC in the principal amount of $15,126.91, plus 10% interest per year from the date of the award to the date of entry of judgment;

3.      For attorneys' fees and costs of this action;

4.      For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        October 24, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

# OFFICE OF THE IMPARTIAL ARBITRATOR

---------------------------------------------X

In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
               And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

                        (Petitioners)

   -and-

FATHSON CONSTRUCTION LLC
                       (Employer)

---------------------------------------------X

BEFORE:  Robert Herzog, Esq.

**DEFAULT**

**AWARD**

**ORIGINAL**

    FATHSON CONSTRUCTION LLC (hereinafter referred to as the
"Employer") and the District Council of New York City and Vicinity
of the United Brotherhood of Carpenters and Joiners of America are
parties to a Collective Bargaining Agreement, dated July 1, 2001,
providing for arbitration of disputes before the undersigned
Arbitrator as Impartial Arbitrator, and in which the Employer has

1

therein agreed, for the duration of the Agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Collective Bargaining Agreement, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a July 16, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners allege the Employer failed to make sufficient benefit contributions to the Funds for the period of December 1, 2005 through June 7, 2006 as required by the Collective Bargaining Agreement.

A Notice of Hearing dated July 10, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for August 23, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was left with the Employer on August 2, 2007 at 3:10 pm and again on August 23, 2007 at 3:15 pm. The Employer failed to heed the notices and the postal service declared the envelope to be unclaimed and so marked the envelope on August 29, 2007. The Employer is deemed to have received the Notice of Hearing based on the delivery of the

regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On August 23, 2007, at the place and time designated by the July 10, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses. The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the December 1, 2005 through June 7, 2006 period, the Employer was bound to a Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreement obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its employees performing resilient floor covering and related materials work pursuant to schedules set forth in the Agreement.

3

- The Collective Bargaining Agreement authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Omar Giordani, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of December 1, 2005 through June 7, 2006. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Giordani's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency for the December 1, 2005 through June 7, 2006 period was eight thousand three hundred eighty-nine dollars and eighty-eight cent ($8,389.88). The Petitioners requested an award for contributions owed, interest, late payment interest, liquidated damages, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective

4

Bargaining Agreement.  Testimony computing these amounts was
received into evidence.

**AWARD**

Based upon the substantial and credible evidence of the case as
a whole:

1. FATHSON CONSTRUCTION LLC is delinquent in its Fringe Benefit
   payments due and owing to the Funds under the terms of the
   Collective Bargaining Agreement;

2. FATHSON CONSTRUCTION LLC shall pay to the Funds forthwith the
   said delinquency amount, interest on said delinquency amount,
   late payment interest, liquidated damages, the promotional fund
   assessment, the Funds' audit and counsel's fees, the
   undersigned Arbitrator's fee, and all associated court costs in
   the following amounts:

   | | |
   |---|---:|
   | Principal Due | $  8,389.88 |
   | Interest Due | 1,163.15 |
   | Late Payment Interest | -0- |
   | Liquidated Damages | 1,677.98 |
   | Promotional Fund | 95.90 |
   | Court Costs | 375.00 |
   | Audit Costs | 1,450.00 |
   | Attorney's Fee | 1,500.00 |
   | Arbitrator's Fee | 500.00 |
   | TOTAL | $ 15,126.91 |

3. FATHSON CONSTRUCTION LLC shall pay to the District Council
   Carpenters Benefit Funds the aggregate amount of fifteen
   thousand one hundred twenty-six dollars and ninety-one cents

($15,126.91) with interest to accrue at the rate of 10% from

the date of this Award.

Dated: September 19, 2007

Robert Herzog
Arbitrator

State of New York  )
County of Rockland )

    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Dated: September 19, 20071, 2005

Robert Herzog
Arbitrator

To:  FATHSON CONSTRUCTION LLC
     Attn: John Norris, President
     8 Hoyt Street, Apt. G
     Brewster, New York 10509

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014